# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JOHN HESTER (# 79699)                                                                   PLAINTIFF

v.                                                                                  No. 3:09CV29-A-D

WAUNNELL HESTER                                                          INTERVENOR PLAINTIFF

v.

WEBSTER COUNTY SHERIFF'S
DEPARTMENT, ET AL.                                                                     DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of John Hester, who alleges equal protection, procedural due process and Fourth Amendment violations arising out of the search of his mother's home and alleged seizure of personal property from the home. Hester seeks relief under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved to dismiss this case because the plaintiff has not participated in discovery – refusing even to participate in his own deposition. The plaintiff has not responded to the motion, and the time for response has expired. The matter is ripe for resolution. For the reasons set forth below, the defendants' motion to dismiss will be granted.

On September 30, 2009, the Court granted John Hester's mother, Waunnell Hester's, Motion to Intervene as a plaintiff based upon the same set of allegations. *See* (Order, docket entry no. 20). On November 30, 2009, counsel for the defendants traveled to Central Mississippi Correctional Facility ("CMCF") to depose John Hester. Corrections officials at CMCF produced Hester for the deposition; however, Hester refused to cooperate with the proceeding. Despite

repeated inquiries, Hester ignored the presence of counsel and stared straight ahead, refusing to answer any questions. (*See* Transcript of Deposition attached hereto as Exhibit "A"). John Hester's behavior resulted in an extension and the resetting of case deadlines by the court on January 15, 2010. The court also cautioned John Hester that the future failure to cooperate with discovery would result in the final dismissal of this action. (Order, docket entry no. 27). On January 29, 2010, the defendants served both plaintiffs with written Interrogatories, Requests for Production of Documents, and Requests for Admissions. *See* (Notice of Service, docket entry no. 28 and 29). The plaintiffs' initial deadline to respond was on or before March 1, 2010. They failed to respond by the initial deadline, but were granted another extension of time to respond to discovery. The court gave the plaintiffs until March 8, 2010, to reply. *See* (Order, docket entry no. 36). The plaintiffs have yet to respond to any discovery.

The court warned the plaintiffs that failure to cooperate in discovery would lead to the dismissal of this case. As the plaintiffs have not responded to the defendants' discovery, despite warnings from the court, this case is hereby **DISMISSED** with prejudice under FED. R. CIV. P. 37(d)(1)(A)(i) and for failure to appear for John Hester's deposition and to participate in other discovery.[1] A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of April, 2010.

    /s/ Sharion Aycock  
    U. S. DISTRICT JUDGE

---

[1] Although John Hester did, in a technical sense, appear at his deposition, he did so only because corrections officers ensured his attendance. Once at the site of the deposition, Hester simply stared straight ahead, refusing to answer questions or otherwise speak to counsel conducting the deposition.